# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE LANSING COMMUNITY COLLEGE DATA BREACH LITIGATION | Master File No. 1:23-cv-00738-PLM<br><br>Hon. Paul L. Maloney<br><br>CONSOLIDATED ACTION |

## ORDER AWARDING
## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

This matter came before the Court for a duly noticed hearing on January 21, 2025 (the "Fairness Hearing"), upon Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (the "Fee, Expense, and Award Petition") in the above-captioned consolidated action ("Action"). The Court has considered the Fee and Award Petition and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Class Action Settlement Agreement and Release entered into on June 18, 2024 (the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore:

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement. ECF No. 41-2, PageID.844-908.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Plaintiffs, Defendant Lansing Community College, and all Settlement Class Members, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee, Expense, and Award Petition was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Class Counsel is hereby awarded attorneys' fees in the amount of $362,500.00 (three hundred sixty-two thousand five hundred dollars and zero cents), which shall be paid out of the Settlement Fund. Such payment shall be made pursuant to the terms of the Settlement Agreement.

4. Class Counsel is hereby awarded expenses in the amount of $9,596.85 (nine thousand, five hundred ninety-six dollars and 85 cents), which shall be paid out of the Settlement Fund. Such payment shall be made pursuant to the terms of the Settlement Agreement.

5. Plaintiffs Ivory Whitby, Sameer Shah, Gabriel Banish, William Barber, Lindsay Luoma, and Chelsea Lee Ouimette are each individually awarded $750.00 as a Service Award in recognition of their efforts on behalf of the Settlement Class,

which shall be paid out of the Settlement Fund. Such payment shall be made pursuant to the terms of the Settlement Agreement.

6. Class Counsel is hereby authorized to allocate the Fee Award and Costs among Plaintiffs' Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

7. In making these awards, the Court has considered and found that:

a. Class Counsel and Plaintiffs' Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

b. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

c. Had Class Counsel and Plaintiffs' Counsel not achieved the Settlement, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from Lansing Community College;

d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

  e. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees of up to (33 1/3%) (thirty-three and one-third percent) of the Settlement Fund, and, separately, reasonably incurred litigation expenses and costs (i.e., Fee Award and Costs), and that named Plaintiffs would be seeking a Service Award in an amount up to $1,500 (One Thousand Five Hundred Dollars) per Class Representative, and the amounts approved here in the Order are below those stated amounts;

  f. The attorneys' fee award is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable multiplier on Class Counsel's and Plaintiffs' Counsel's lodestar, in view of the applicable legal principles and the particular facts and circumstances of the Action;

  g. The expenses incurred were reasonable and necessary to the prosecution of the Action; and

  h. Plaintiffs contributed their time and efforts to the prosecution of this Action for the benefit of the Settlement Class.

8. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and

may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

9. Pursuant to Section 9.4 of the Settlement Agreement, the Settlement is not conditioned upon the Court's approval of an award of the Fee Award and Costs or Service Awards.

10. The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel from the Settlement Fund within five (5) Business Days after the Effective Date, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein. In accordance with ¶ 6 above, Class Counsel shall allocate (if any of) the Fee Award and Costs to Plaintiffs' Counsel within thirty (30) days of receiving the Fee Award and Costs from the Settlement Administrator.

11. The Settlement Administrator shall pay the Service Awards approved by the Court to the above named Class Representatives from the Settlement Fund within five (5) Business Days after the Effective Date, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Date: __January 23_____, 2025.    __/s/ Paul L. Maloney_____
                                        HONORABLE PAUL L. MALONEY
                                        UNITED STATES DISTRICT JUDGE