UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE LANSING COMMUNITY
COLLEGE DATA BREACH
LITIGATION,

        Plaintiff,

Master File No. 1:23-cv-00738-PLM

Hon. Paul L. Maloney

CONSOLIDATED ACTIONS

_____/

**REPORT AND RECOMMENDATION**

    **I.**    **Background**

The Court entered an order granting final approval of the parties' class action settlement agreement (ECF No. 64) and subsequently entered a judgment of dismissal on January 24, 2025 (ECF No. 67). Plaintiffs' counsel stated that the "total number of class members" was "700,000 or so," and that "a little over 12,000 people" made a claim. Fairness Hearing Trans. (Jan. 21, 2025) (ECF No. 66, PageID.1441). Interested party GwanJun Kim ("Kim") objected to the Settlement Agreement, seeking payment of $966,000.00 from the $1,450,000.00 settlement fund without providing any explanation for this incredible claim. *See* Objection (ECF No. 53, PageID.1139); Plaintiff's Unopposed Motion for Final Approval of Class Action (ECF No. 57, PageID.1176). Kim did not attend the fairness hearing in the lower court and his objection was overruled. *See* Fairness Hearing Trans. at PageID.1453) ("There were only 12 requests for exclusion and one objection, which I'll overrule for the reasons stated by counsel for the plaintiff. There is no one in court here objecting to the award, the settlement number.").

1

At the hearing, plaintiffs' counsel stated the following reasons for overruling Kim's objection:

> There is -- we did have one objection from someone, Mr. Kim, who as far as I can tell is not here in the courtroom. And, again, we briefed this as well, so I'll just go over the highlights. But essentially the gist of the objection that Mr. Kim filed was, this isn't good enough, you should have gotten more. We cite a number of cases that reject those blanket arguments, and I also note two other things on that objection. One, the objection doesn't account for the risks that I started off by saying that we face in this case, and I also note for the Court that Mr. Kim is apparently, in addition to filing an objection, also filed a claim, so if this is approved, Mr. Kim is going to get a check. So we submit that that objection should be overruled.

*Id*. at PageID.1443. *See also*, Order (ECF No. 63, PageID.1420) ("In accordance with the bench opinion issued by the court on January 21, 2025: . . . **IT IS FURTHER ORDERED** that the objection to the settlement (ECF No. 53) is **DENIED**."). In its judgment, the Court noted that the objection was overruled "on the basis that it lacked merit". Judgment at PageID.1457.

## II.   Discussion

This matter is now before the Court on interested party Kim's motion for leave to appeal *in forma pauperis* (ECF No. 70).[1] The fee for appealing a civil action is $605.00. To proceed *in forma pauperis* on appeal, Kim must comply with the requirements of Fed. Rule App. Proc. Rule 24(a)(1), which requires him to file a motion for leave to proceed *in forma pauperis*; and, an affidavit showing his inability to pay the required fees (in the detail prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issues he intends to present on appeal. In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The plaintiffs and defendant contest Kim's motion. *See* Responses (ECF Nos. 71

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).

and 72). Defendant points out that Kim "has involved himself in vexatious litigation in the Supreme Court cases, dozens of other actions in this Sixth Circuit Court of Appeals, the District Courts for Michigan, and Michigan state courts." Defendant's Response (ECF No. 72, PageID.1484 (footnotes omitted). Plaintiffs point out that this Court has placed Kim on restricted filer status due to his frivolous filings. This sanction appears in *Kim v. Grand Valley State University*, No. 1:18-cv-107, 2018 WL 11243690 (W.D. Mich. May 10, 2018):

> The Court has inherent power to impose sanctions for conduct that abuses the judicial process. *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991). Furthermore, parties participating in a case *pro se* are still obligated to follow court rules, orders, and process. Plaintiff's continued pursuit of issues already decided, the filing of multiple meritless motions, and his repeated disregard for Court rules amounts to such an abuse. The attached appendix summarizes the several cases and the dozens of frivolous submissions Plaintiff has filed in this district and makes plain why a sanction is warranted.
>
> Accordingly, to deter future frivolous filings, and to avoid needless litigation burden on defendants, the Court places Plaintiff on Restricted Filing status and directs that any Judicial Officer reviewing an application from Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2). No defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response. To facilitate effective screening, the Court directs that any future cases filed by Plaintiff be assigned to the undersigned under the related case rule of the Court.

*Kim*, 2018 WL 11243690 at *4. As one court observed, Kim "seems to be making a 'career' out of filing frivolous (or at least meaningless) papers with this court." *In re GwanJun Kim*, 453 B.R. 723, 728 (Bankr. W.D. Mich. 2011).

Having reviewed the record, the Court concludes that Kim's objection to the settlement agreement and claiming that he is entitled to about two-thirds of the class settlement has no basis in law or fact and is frivolous. *See* Objection (ECF No. 53). *See Neitzke v. Williams*,

3

490 U.S. 319, 325 (1989) (a claim is frivolous if it lacks an arguable basis either in law or fact.). Accordingly, Kim's appeal is not taken in good faith and his motion to appeal *in forma pauperis* should be denied.

### III. RECOMMENDATION

For these reasons, I respectfully recommend that this Court certify that Kim's appeal is not taken in good faith and that his motion to appeal *in forma pauperis* (ECF No. 70) be **DENIED**.

Dated: July 1, 2025            /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).